UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JOSEPH THOMAS, CDCR #J-05107,<br><br>Plaintiff,<br><br>vs.<br><br>CALIFORNIA STATE BOARD OF PAROLE; PETER LABAHN,<br><br>Defendants. | Case No.: 3:19-cv-01384-CAB-WVG<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO APPOINT COUNSEL; and**<br><br>**(2) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM, AND FOR SEEKING DAMAGES FROM IMMUNE DEFENDANTS PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND § 1915A(b)** |

**I.      Procedural History**

On July 24, 2019, Larry Joseph Thomas, ("Plaintiff"), currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California, and proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Before the Court could conduct the required sua sponte screening, Plaintiff filed a First

Amended Complaint ("FAC") which became the operative pleading. (ECF No. 4.)

Plaintiff did not prepay the filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 5).

On September 26, 2019, the Court GRANTED Plaintiff's Motion to Proceed IFP and simultaneously DISMISSED his FAC for failing to state a claim and for seeking monetary damages against immune defendants pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). (ECF No. 7.) Plaintiff was granted leave to file an amended pleading to correct the deficiencies of pleading identified in the Court's Order. (*Id.* at 6-7.)

On November 8, 2019, Plaintiff filed his Second Amended Complaint ("SAC") and later filed a Motion to Appoint Counsel. (ECF Nos. 11, 13.)

## II. Motion to Appoint Counsel

Plaintiff seeks appointment of counsel in this matter. (ECF No. 13.) All documents filed pro se are liberally construed, and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations omitted)). But there is no constitutional right to counsel in a civil case; and none of Plaintiff's pleadings to date demand that the Court exercise its limited discretion to request than an attorney represent him pro bono pursuant to 28 U.S.C. § 1915(e)(1) at this stage of the case. *See Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981); *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Only "exceptional circumstances" support such a discretionary appointment. *Terrell v. Brewer*, 935 F.3d 1015, 1017 (9th Cir. 1991); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Exceptional circumstances exist where there is cumulative showing of both a likelihood of success on the merits and a demonstrated inability of the pro se litigant to articulate his claims in light of their legal complexity. *Id.*

As currently pleaded, Plaintiff's SAC demonstrates that while he may not be formally trained in law, he nevertheless is fully capable of legibly articulating the facts

and circumstances relevant to his claims, which are typical and not legally "complex." *Agyeman*, 390 F.3d at 1103. Moreover, for the reasons discussed below, Plaintiff is not able to show that he is likely to succeed on the merits of the claims he alleges in this matter. *Id*. Therefore, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 13).

**III. Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B) & 1915A**

    A.    <u>Standard of Review</u>

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his SAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). A complaint is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

C. Discussion

To the extent Plaintiff is seeking relief in the form of being deemed "eligible for elderly parole" date and the "earliest eligible date," *see* SAC at 7, his suit "challeng[es] the validity of [his] continued incarceration [and therefore] lie[s] within 'the heart of habeas corpus.'" *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489-99 (1973) (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the "exclusive" means to "attack the validity of his confinement" in federal court)). Here, Plaintiff does not claim that he was denied parole or denied due process during his parole hearing. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979).

Second, Plaintiff may not seek damages against the Board of Parole Hearings, an agency of the State of California. The State of California is not a "person" within the

meaning of § 1983 and is immune from suit under the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984) (Eleventh Amendment bars federal jurisdiction over suits by individuals against a State and its instrumentalities, unless either the State consents to waive its sovereign immunity or Congress abrogates it); *see also Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989) (dismissing prisoner's § 1983 suit against the State of Arizona as legally frivolous), *superseded by statute on other grounds as stated in Lopez*, 203 F.3d at 1130; *Brand v. Schubert*, No. 2:16-CV-1811 MCE EFB P, 2017 WL 531721, at *2 (E.D. Cal. Feb. 7, 2017) (sua sponte dismissing § 1983 claims against the State of California on sovereign immunity grounds pursuant to 28 U.S.C. § 1915A).

Finally, Plaintiff cannot seek money damages against Defendant Labahn in his role as the Board of Parole Hearings Commissioner. State parole officials are immune from damages actions based on any decision to "'grant, deny, or revoke parole' because those tasks are 'functionally comparable' to tasks performed by judges." *See Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004) (citations omitted.).

## IV. Leave to Amend

Plaintiff has already been provided a short and plain statement of his pleading deficiencies, as well as an opportunity to amend sufficient facts to support his claims to no avail. Therefore, the Court finds further attempts to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of ... leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)).

## V. Conclusion and Order

Accordingly, the Court:

1) **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 13);

2) **DISMISSES** this civil action *sua sponte* without further leave to amend for failure to state a claim upon which § 1983 relief can be pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b);

3) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and

4) **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and to close the file.

**IT IS SO ORDERED**.

Dated: January 21, 2020

Hon. Cathy Ann Bencivengo
United States District Judge